UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Samuel Eugene Calhoun,

                Plaintiff,        Case No. 23-cv-10946

v.                                     Judith E. Levy
                                     United States District Judge
Heidi Washington, *et al.*,
                                     Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

    Plaintiff Samuel Eugene Calhoun is a Michigan prisoner presently incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan. The *pro se* complaint names as Defendants MDOC Director Heidi Washington and ten other MDOC personnel stationed at the Muskegon Correctional Facility. (ECF No. 1.) The complaint asserts that Defendants interfered with Plaintiff's legal mail and otherwise violated his constitutional rights while he was housed at the Muskegon facility. (*Id.*)

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. The statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case." *See Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Sifuentes v. Pluto TV*, No. 23-cv-10129, 2023 WL 319929, at *1 (E.D. Mich. Jan. 19, 2023) ("Congress has instructed district courts to dismiss, or in the interest of justice transfer, a case filed in the wrong division or district. 28 U.S.C. § 1406(a). The decision to dismiss or transfer a case under this section lies within the court's sound discretion."); 28 U.S.C. § 1406(a).

The defendants and events giving rise to the complaint are located in Muskegon County. Muskegon County is part of the Western District of Michigan. 28 U.S.C. § 102(b). There is no apparent basis for venue to lie in the Eastern District of Michigan, and the facts alleged in the

complaint suggest that venue would be proper in the Western District of Michigan. Accordingly, the Court orders that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

The Court notes that it has not decided whether Plaintiff is entitled to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

IT IS SO ORDERED.

Dated: May 3, 2023  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 3, 2023.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager