UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL EUGENE CALHOUN,

        Plaintiff,

Case No. 1:23-cv-459

Hon. Paul L. Maloney

v.

HEIDI WASHINGTON, *et al.*,

        Defendants.

                                          /

**ORDER OF DISMISSAL**

*Pro se* plaintiff Samuel Eugene Calhoun had 90 days to serve defendants commencing on August 23, 2024, meaning that defendants had to be served on or before November 21, 2024.  *See* Order (ECF No. 21); Order (ECF No. 35, PageID.107).  As of May 5, 2025, defendant Delo had not appeared in this action and there was no evidence that she was served within the 90-day time frame set by the Court.  *Id*.  Pursuant to Fed. R. Civ. P. 4(m) and W.D. Mich. LCivR 41.1, the Court issued an order for *pro se* plaintiff to show cause why his claim against defendant Delo should not be dismissed without prejudice for failure to complete service and lack of prosecution.  *Id*. at PageID.107-108.

In his response (ECF No. 36), plaintiff stated that he served defendants Brown, Delo, and Scanlon via certified mail, restricted delivery, on the same date, time, and location. Based on plaintiff's exhibits, service on defendants Brown and Delo was not timely.  Fed. R. Civ. P. 4(e)(1) provides that a person may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction

1

in the state where the district court is located or where service is made." In Michigan, "[p]rocess may be served on a resident or nonresident individual by . . . (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." MCR 2.105(A)(2). Service by registered or certified mail "is made when the defendant acknowledges receipt of the mail." *Id*. Here, both Brown and Delo signed for the certified mail delivery on December 23, 2024, more than one month after the 90-day limit for service expired. *See* Certified Mail Receipts (ECF No. 36-1, PageID.113). Based on this record, plaintiff has not demonstrated that he served defendant Delo as required by Fed. R. Civ. P. 4(m). Accordingly, defendant Delo is **DISMISSED** without prejudice.[1]

    **IT IS SO ORDERED.**

Date: May 30, 2025            /s/ Paul L. Maloney
                     Paul L. Maloney
                     United States District Judge

---

[1] The Court notes that although the service was untimely, defendant Brown has appeared in this action through counsel.

2