UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL CALHOUN, #379175, Plaintiff, | |
| -v- | No. 1:23-cv-459 |
| | Honorable Paul L. Maloney |
| GAIL SCANLON, *et al.*, Defendants. | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Plaintiff Samual Calhoun, a prisoner under the control of the Michigan Department of Corrections (MDOC), alleges Defendants violated his civil rights and filed this lawsuit. Plaintiff has pending claims for interference with his mail against two of the defendants. Defendants filed a motion to compel. ECF No. 54. Plaintiff filed a motion for summary judgment. ECF No. 57. Defendants also filed a motion for summary judgment. ECF No. 60. The Magistrate Judge issued a report recommending the court deny Defendants' motion to compel, deny Plaintiff's motion for summary judgment, and grant in part and deny in part Defendants' motion for summary judgment. Defendant Scanlon filed objections. ECF No. 71. Plaintiff did not file any objections.

The court will adopt the report and recommendation in part. The court will deny Defendants' motion to compel, will deny Plaintiff's motion for summary judgment, and will grant Defendants' motion for summary judgment.

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

B.

1. Motion to Compel. The Magistrate Judge recommends denying Defendants' motion to compel. No party objects to this recommendation, or to the findings supporting it.

2. Plaintiff's Motion for Summary Judgment. The Magistrate Judge recommends denying Plaintiff's motion for summary judgment. No party objects to this recommendation, or to the findings supporting it.

3. Defendants' Motion for Summary Judgment. The Magistrate Judge recommends granting in part Defendants' motion and dismissing all but one claim. The Magistrate Judge finds a question of fact concerning Plaintiff's mail interference claim arising from Defendant Scanlon's decision to open mail sent from the Michigan Court of Appeals on August 12, 2020. Scanlon admits opening the mail. Scanlon called the court and the court denied sending any mail to Plaintiff. The Magistrate Judge concluded that Scanlon did not explain why she did not treat the envelope as legal mail and decided to call the Michigan Court of

Appeals. The Magistrate Judge also recommends denying qualified immunity because a question of fact exists.

Defendant objects to the conclusion that the facts, viewed in Plaintiff's favor, establish a legal claim. Specifically, Defendant argues that she did not open any legal mail, mail that required special handling under the Policy Directive. Defendant argues that mail constitutes legal mail only when two conditions exist: (1) the mail must be received from a specific source like a court or a clerk of court and (2) the mail must be clearly identified on the envelope as being from one of the specific sources. ECF No. 1 PageID.75 MDOC Policy Directive 05.03.118 ¶ FF (effective 03/01/2018). Defendant argues that her affidavit explains that she called the Michigan Court of Appeals to verify whether it sent the mail. Because the court indicated it did not send the mail, Defendant argues it did not qualify as legal mail and did not require special handling.

Defendant argues that any dispute here does not constitute a material question of fact. The court agrees. The Policy Directive authorized staff to verify the sender only when "it appears upon receipt that mail requiring special handing may have been sent by someone other than the identified sender." *Id.* PageID.76 ¶ II. The Policy Directive does not address the situation here, where the mail appeared to be legal mail. At best Scanlon's decision to call the Michigan Court of Appeals amounts to a violation of the MDOC Policy Directive, not a violation of federal law or the Constitution. *See McVeigh v. Bartlett*, 52 F.3d 325 (6th Cir. Apr. 21, 1995) (unpublished opinion). And, calling the Michigan Court of Appeals does not, by itself, amount to an interference with legal mail. When the court told Defendant that it did not send mail to Plaintiff, Defendant had a sufficient basis to open that envelope.

Defendant also object to the Magistrate Judge's recommendation to deny qualified immunity. Defendant argues that no clearly-established law addresses this factual situation. The court agrees. Plaintiff has not identified any opinion clearly establishing that mail room staff interferes with legal mail by attempting to verify the source of that mail. Nor has Plaintiff identified any opinion clearly establishing that that opening mail that is mistakenly believed not to be legal mail constitutes interference with legal mail in violation of the Constitution.

The court finds that the facts in the record do not support a claim for interference with the mail against Defendant Scanlon. The court also finds that no clearly established law existed such that Defendant Scanlon would know that what she did—attempting to verify the source of mail that appeared to be from the Michigan Court of Appeal and then opening mail when she mistakenly understood that the envelope did not come from the Michigan Court of Appeals—violated Plaintiff's constitutional rights.

Accordingly, the court **ADOPTS IN PART and REJECTS IN PART** the report and recommendation. ECF No. 70. Consistent with the report and recommendation, the court **DENIES** Defendants' motion to compel. ECF No. 54 and also **DENIES** Plaintiff's motion for summary judgment, ECF NO. 57. The court **GRANTS** Defendants' motion for summary judgment and dismisses all of Plaintiff's claims. ECF No. 60.

**IT IS SO ORDERED.**

Date: August 11, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge